83335-7

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CHARLOTTE DIVISION

FILED

2017 SEP 18 PM 12: 09

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CASE NO. _____

WENDY FRANCIS,

    Plaintiff,

vs.

OLD NAVY, LLC,

    Defendant.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 17-000697CA

2:17-cv-514-FtM-38CM

## DEFENDANT, OLD NAVY, LLC'S NOTICE OF REMOVAL

COMES NOW Defendant, OLD NAVY, LLC (hereinafter, "OLD NAVY"), by and through the undersigned counsel, and hereby files its Notice of Removal to this Court of the above-styled civil action pursuant to 28 U.S.C. section 1441(b) and 1446(a), and 28 U.S.C. section 1332, and submits the following:

1. OLD NAVY is the sole Defendant in a civil action brought against it in the Twentieth Judicial Circuit in and for Charlotte County, Florida, styled *Wendy Francis v. Old Navy, LLC,* Case No. 17-000697CA. A true and correct copy of all process, and pleadings served upon OLD NAVY is attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. section 1447 (b).

2. This action involves Plaintiff's alleged personal injuries sustained as a result of an alleged incident at OLD NAVY's store located at 1441 Tamiami Trail, Port Charlotte, FL 33948, on or about November 29, 2013 (hereinafter "subject incident"). (*See generally* Compl.). Plaintiff's Complaint was served on OLD NAVY on August 15, 2017. (*See id.*)

3. OLD NAVY's Notice of Removal has been timely filed within thirty (30) days after receipt by OLD NAVY of the initial pleading setting forth the claims for relief upon which removal is based. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, (2) the action is between citizens of different states, and (3) the defendant is not a citizen of Florida.

### *THE PARTIES ARE COMPLETELY DIVERSE*

5. Plaintiff resides in Charlotte County, Florida. (*See* Compl. ¶ 2). To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In determining domicile, a court should consider both positive evidence and presumptions. *Id.* One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Therefore, Plaintiff's citizenship in the State of Florida is assumed for diversity purposes.

6. OLD NAVY is a foreign Limited Liability Company doing business in Florida. For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004).

7. THE GAP, INC., (hereinafter referred to as "THE GAP") is the sole member of OLD NAVY, LLC, and is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of California. (*See* LLC Agreement for Old Navy, LLC, dated Jan. 31, 2004; *see also* Delaware Department of State, Division of Corporation's Detail for THE GAP (attached hereto as Composite Ex. B)). Accordingly, under 28 U.S.C. section 1332(c)(1), THE GAP, is, and was at the time of the commencement of this action, a citizen of Delaware and California because it is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of California.

8. Therefore, OLD NAVY is also a citizen of Delaware and California because it is a citizen of any state of which its sole member, THE GAP, is a citizen. As further evidence to support OLD NAVY's assertion that diversity of citizenship exists in this case, OLD NAVY has included the Florida Department of State, Division of Corporations Detail and Records of OLD NAVY (attached hereto as Ex. C).

***THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED***

9. The amount in controversy in this case exceeds $75,000.00. Although the Complaint merely sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, the Plaintiff's pre-suit demand of $300,000.00, demonstrates that the amount in controversy well-exceeds the amount necessary to

invoke the jurisdiction of this District Court.[1] (*See generally* Plaintiff's Demand Letter dated August 4, 2016 (attached hereto as Ex. D)).

10. Moreover, the Plaintiff's letter included a section labelled "Special Damages" which asserted that Plaintiff has incurred approximately $99,410.53 in medical bills to treat the injuries she claims were caused by the subject incident (redacted for HIPAA compliance only). (*See* id.).

11. Based upon the representations made by Plaintiff concerning the total figures at issue, including the total medical expenses to date, the amount-in controversy requirement is clearly established. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *see also Molina v. Wal-Mart Stores Tx.*, 535 F.Supp.2d 805, 806 (W.D. Tex. 2008)(holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000).

12. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different

---

[1] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### *THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN COMPLETED BY OLD NAVY*

13. Pursuant to procedural requirements for removal set forth in 28 U.S.C. section 1446(d), OLD NAVY will file a Notice of Filing Notice of Removal with the Clerk of Court for the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto. (*See State Court Notice of Removal* (attached hereto as Exhibit E)).

14. As stated above, true and correct copies of all documents filed in the state action are attached hereto as Exhibit "A." *See* 28 U.S.C. section 1447 (b).

15. Venue in this Court is proper pursuant to 28 U.S.C. section 1441(a), as this action is being removed from the state court in which it was originally filed — the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida — to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida.

WHEREFORE Defendant, OLD NAVY, LLC, respectfully requests that the above action now pending in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

DATED this _12_ day of September, 2017.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via electronic mail to: Joshua D. Molandes, Esq., JMolandes@ForThePeople.com, cyoung@forthepeople.com; on this 12 day of September, 2017.

Respectfully Submitted,

WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353

By: _____
**Jason A. Glusman, Esq.**
Florida Bar No. 0419400
jglusman@wickersmith.com
**Julie Campbell, Esq.**
Florida Bar No. 50134

*Attorneys for OLD NAVY, LLC*